**HALLIDAY, et al., Plaintiffs-Appellants, v. NORFOLK & WESTERN RAILWAY COMPANY et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3767.   Decided July 7, 1945.

Carrington T. Marshall, Columbus, for plaintiffs-appellants.

John L. Davies, City Attorney, and Hugh K. Martin, Asst. City Attorney, Columbus, for defendant-appellee, City of Columbus.

James I. Boulger, Columbus, for defendant-appellee, The Norfolk & Western Railway Company.

## OPINION

By MILLER, J.

This is an appeal upon questions of law and fact from the Common Pleas Court of Franklin County, Ohio.

The plaintiffs as children and heirs at law of Philip H. Bruck, bring an action in ejectment, seeking an order of the Court delivering to them the possession of the premises described in the petition of which plaintiffs claim defendants unlawfully deprived them.

The plaintiffs' predecessor in title, Philip H. Bruck, on January 20, 1890, conveyed to the City of Columbus by deed in fee simple certain property which is now a part of Franklin Park in the City of Columbus, Ohio. The conveyance was conditioned upon the use of the premises as a public park by the grantee "forever hereafter", and as a provision of this condition it was agreed that "should said premises or any part thereof at any time hereafter forever be used for any purpose or other use than as a public park", the conveyance should become null and void and all title, rights and interest in the premises were to revert to Philip H. Bruck, his heirs or assigns.

The petition further alleges that the conditions herein

stipulated have not been complied with but on the contrary have been violated and broken in that the City of Columbus did and does permit The Norfolk & Western Railway Company to use the premises in the operation of its railroad. The plaintiff prays judgment for the recovery of said premises.

To this petition the City of Columbus and also The Norfolk & Western Railway Company filed an answer and cross-petition, but in this appeal we are concerned only with the cross-petition. In the cross-petition, which is known as the second defense, the defendants allege that prior to April 23, 1887, the duly appointed and acting commissioners of Franklin Park announced their intention of buying the land described in plaintiff's petition and on said day duly appointed a committee of their number to negotiate the purchase, for and on behalf of the said park commissioners in their official capacity, of said land of Edward H. Pardee, the owner thereof. The said Philip H. Bruck was at that time the Mayor of Columbus, president of said board of commissioners of Franklin Park, was present at said meeting of said commissioners and was appointed a member of the committee to purchase the said Pardee tract of land. On May 14, 1887, on motion made at a meeting of said park commissioners, it was ordered that a deed for the Pardee tract be executed to Philip H. Bruck to be held by him in trust for park purposes for the term of two years; that thereafter a deed was executed to Philip H. Bruck, which deed was delivered on August 10, 1887, at which date the said Bruck paid to the said Pardee the sum of $1020.00, and executed and delivered to said Pardee two promissory notes of $2500.00 each bearing date of April 1, 1887, and respectively falling due at one and two years after date with interest at six per cent per annum.

On August 10, 1887, the date that the deed was actually delivered to Bruck, said Bruck executed and delivered to the said park commissioners a declaration of trust reciting in part that the real estate "was purchased by said Bruck at the request of said Park commissioners for purpose of adding to said park, when, and so soon as said Bruck shall be repaid the purchase price so paid and agreed to be paid by him therefor to said Pardee, with seven per cent interest on said money from the respective dates when the same shall have been so paid by said Bruck to said Pardee; and when said Bruck shall have also been repaid, with interest, all taxes and assessments which may have been paid by him on said real estate".

After making the foregoing recitals said Bruck declared, "I, said P. H. Bruck, hereby offer, propose, agree and irrevocably bind myself to convey at any time within two years from the

date hereof, by good and sufficient deed of general warranty, the said real estate to said park commissioners, the successor and assigns or to such person, party of board, natural or artificial, as said park commissioners, or a majority of them shall direct". This declaration was made subject to the provision that it was conditioned upon the park commissioners repaying to Bruck within two years from the date of the declaration, the purchase price to be paid to said Pardee and all taxes and assessments upon or against said real estate together with interest at the rate of seven per cent on the amount so paid by Bruck; in case, however, that said money paid by Bruck and interest should not be fully repaid to him by the park commissioners within three years from the date of said declaration of trust, then the instrument should become void and of no effect.

On January 20, 1890, said Bruck executed and acknowledged a deed conveying the premises to the City of Columbus, which land was then and still is operated as a public park by the board of commissioners.

On June 25, 1890, the City of Columbus, Ohio, the grantee in the conveyance from Bruck to the City, under the direction of the park commissioners, paid to Bruck the sum of $6939.58, this being the balance due Bruck for reimbursement of the amount paid by him and interest thereon as provided in his aforesaid declaration of trust, and Bruck accepted said sum in full payment and satisfaction of the aforesaid obligation and condition of the aforesaid declaration of trust.

On April 18, 1891, the said Bruck delivered to the park commissioners a voucher for $396.00 issued by the county auditor in payment for the sale of sand and gravel which were taken off the land and sold to the county during the time Bruck was holding record title to the land.

The defendant, the City of Columbus, in the prayer of its answer, requests that the Court declare null and void the conditions of defeasance contained in the Bruck deed; that its title to the premises in question be quieted.

To this cross-petition the plaintiffs filed a general denial. The plaintiffs also denied that the park commissioners had authority to purchase real estate or to enter into any contract in relation to any proposed purchase. They deny that the instrument of August 10, 1887, was a declaration of trust. The reply further alleges that the City of Columbus was guilty of laches and of inaction from August 10, 1887, until the time of filing the said cross-petition.

The trial court found in favor of the defendant and ordered that the title to the property in question be quieted in the

City of Columbus and that the plaintiffs be assessed the costs incurred.

The case was submitted to the trial court upon documentary evidence consisting of city records and proceedings of the various committee meetings.

After carefully considering the entire record we are of the opinion that the trial court was correct in its conclusions of law and fact and we adopt the opinion of the trial judge, the Honorable Dana F. Reynolds, as that of our own.

The same question had been previously passed upon on demurrer to the cross-petition by the Honorable John R. King, who wrote a lengthy and most able opinion in overruling the demurrer. We are in full accord with the principles of law announced in this opinion.

It seems to us that there is but one proposition to be determined, which is, did Bruck have the right to insert in his deed to the City of Columbus a condition enuring to himself and his heirs. If he did not have such right, then the City is entitled to the relief prayed for. The question herein involved is to be determined by the application of equitable principles.

Briefly stated, the facts before us disclose that the park commissioners of the City of Columbus were desirous of purchasing the land described in the petition. On April 23, 1887, a committee was appointed to negotiate the purchase thereof from one Pardee, the owner. Bruck, who at the time was mayor of the City and ex officio member of the park commission, was appointed a member of the committee to purchase the property here involved. On May 14, 1887, the commission ordered that a deed for the Pardee tract be executed to Bruck to be held by him for park purposes for a term of two years. On August 10, 1887, Pardee delivered a deed to the premises to Bruck. On the same date Bruck executed in writing, signed and delivered to the park commission a declaration of trust. Among the recitals contained in the declaration was one to the effect that the real estate "was purchased by said Bruck at the request of said park commissioners for the purpose of adding the same to said park."

It was further provided in said instrument that upon the payment to Bruck of the purchase price with seven per cent interest that he "Bruck hereby offer, propose, agree and irrevocably bind myself to convey at any time within the period of two years by good and sufficient deed of general warranty the said real estate to said park commissioners", etc. The record discloses that the "two years" mentioned having originally been "three years", but there has been an erasure and the term "two years" substituted.

The facts disclose that Bruck was fully reimbursed by the City of Columbus for the money he had expended in purchasing the property, and interest.

On June 10, 1890, Bruck's deed to the City for the premises was delivered for record. The last clause in the trust agreement is in conflict with a prior one with reference to the termination of the trust. This clause reads as follows: "In case said several sums for purchase money, taxes and assessments with interest thereon as aforesaid, paid and to be paid by me for and on account of said real estate, shall not be fully repaid to me by said park commissioners, their successors or assigns, or by some one for them, within three years from the date hereof, then this instrument shall be absolutely void and of no effect". It will be noted that the deed was delivered to the City after the expiration of the two year period, but before the expiration of the three year period. The trust agreement provided that the conveyance was to be by a deed of general warranty.

We are of the opinion that Bruck in acquiring the property was not acting for himself, but was acting on behalf of the defendant, the City of Columbus, at its special instance and request. He was acting either as a trustee under the trust agreement or as an agent, and in either capacity his acts would be those of a fiduciary. He was mayor of the City, ex officio member of the park commission, and especially delegated by the commission to acquire the property. A public office is a public trust and the prosecution of such a trust must always be consonant with the fiduciary and confidential relationship that the office imposes. A personal or pecuniary advantage or interest resulting to an individual who is acting for and on behalf of the public in the prosecution of a service which his office or station requires him to perform must not be sanctioned or tolerated. He acquired the property free from the conditions or restrictions of reverter. To permit these restrictions to have force and effect would result in allowing a pecuniary or personal interest to flow from the performance of a fiduciary obligation. This would be subversive of his duties as a public servant. It was Bruck's duty to deed to the City the entire estate which he acquired from Pardee which he failed to do by retaining in the deed to the City an interest to himself and his heirs. If a public officer acquires an interest adverse to this principle it is a betrayal of his trust and a breach of confidence. This principle has been well stated in 2 Dillion, Municipal Corporations, (5th Ed.) Sec. 772:

"It is a well established and salutary doctrine that he

who is entrusted with the business of others cannot be allowed to make such business an object of pecuniary profit to himself. This rule does not depend on reasoning technical in its character, and is not local in its application. It is based upon principles of reason of morality, and of public policy. It has its foundation in the very constitution of its nature for it has been authoritatively declared that a man cannot serve two masters, and is recognized and enforced wherever a well regulated system of jurisprudence prevails. * * * * It is contrary to good morals and public policy to permit a municipal officer to enter into contractual relations with a municipality of which he is an officer."

Not only was the defeasance clause void as being against public policy, but it was also illegal under Section 6969, Revised Statutes of Ohio,

"An officer elected or appointed to an office of trust or profit in this state * * *, who, while acting as such officer, * * * shall become directly or indirectly, interested in any contract for the purchase of any property or fire insurance for use of the state, county, township, city, town or village, shall be imprisoned in the penitentiary not more than ten years nor less than one year."

In the case of **Doll v State, 45 Oh St 445**, the Court held:

"1. A person duly elected to, and holding the office of member of the board of public works of the city of Cincinnati, is 'an officer elected to an office of trust or profit in this state', within the meaning of Section 6969 of the Revised Statutes, which makes it a crime for such officer to become 'directly or indirectly interested in any contract for the purchase of any property or fire insurance, for the use of the state, county, township, city, town or village', and is amenable to the provisions of that section, if, while acting as such officer, he becomes interested in a contract for the purchase of property for the use of the city."

Disregarding the trust instrument, we have here a case where Bruck, a public official, took title to property for and on behalf of the city. He was precluded from buying it for himself when he knew that the park commissioners were negotiating for it. Even in the absence of any agreement, when one takes title for and on behalf of another a trust relationship is created. Bruck took the title free and untrammeled from any reservations and by general warranty deed and he received

it as trustee for the city as a matter of law. He then asked to restrict it by putting in the deed a reservation enuring to himself and his heirs and he received from the city precisely the same compensation that the park commissioners were to pay Pardee and which he paid to Pardee.

It is also asserted by the appellant that the City of Columbus is fifty years too late in seeking to quiet title. The City had no cause of action to quiet title until somebody asserted title against it, and it was not until this suit was brought that Bruck or any one else asserted title, and therefore neither laches nor limitation began to run until the institution of the suit.

Judgment the same in this Court as in the Common Pleas Court.

HORNBECK, P. J., and GEIGER, J., concur.