THE STATE OF OHIO, APPELLANT, *v.* MCKELVEY, APPELLEE.

[Cite as State v. McKelvey, 12 Ohio St. 2d 92.]

(No. 40668—Decided December 20, 1967.)

94

*Mr. George F. Burkhart,* prosecuting attorney, for appellant.

*Mr. T. J. Kremer, Jr.,* and *Mr. Austin C. Furbee,* for appellee.

WASSERMAN, J. The basic questions raised by this case are created by the statutes providing for travel allowances for county officials and authorizing civil suit by the prosecuting attorney to recover misapplied county funds.

Appellee contends that no breach of duty occurred when he accepted mileage money from other county officials who had first received this money from the county. Appellee's contention shows that he is mistaken as to the intent of Section 325.20, Revised Code, which provides, in part:

"Except as otherwise provided by law, no elected county officer, and no deputy or employee of the county, shall attend, at county expense, any association meeting or convention, unless authorized by the board of county commissioners. Before such allowance may be made, the head of the county office desiring it shall make application to the board in writing showing the necessity of such attendance and the probable costs to the county."

The function of this section is to allow public officials to attend authorized activities at public expense. Like all measures providing for the spending of public funds, it is to be strictly construed (*State, ex rel. Leis,* v. *Ferguson,* 149 Ohio St. 555) and cannot be interpreted to allow for payment where there is no expense or more than one payment for the same expense. If it is true that appellee made no request of mileage money from his passengers, then their applications for expense money were wrongful, since a voluntary contribution cannot be defined as an "expense," and these funds were "misapplied." (See Section 309.12, Revised Code, *infra.*) If appellee accepted

payment from a passenger, then his application for public money was illegal since under these circumstances he had no expense.

For example, when appellee and a county commissioner traveled to Florida on county business, only one should have filed for expense money. For appellee to file also was for him to receive a clear profit on the trip even though he gave the money to his daughter as owner of the car which he drove.

Even if appellee had not filed for travel money himself when he carried other officials, he could not have accepted payment from more than one passenger because a public official cannot use his position for private profit. It is a well-worn, but no less true, statement of public policy that a public office is a public trust and a public official is a fiduciary. *Crane Twp., ex rel. Stalter,* v. *Secoy,* 103 Ohio St. 258. It would be a violation of this duty to the citizens of the state for an official to use his public office for private gain. (See Section 325.02, Revised Code.) Although attendance at the meetings was not a required function of appellee's job, it became an official aspect once appellee decided to go, and, like the constable who cannot collect a reward for successfully solving a criminal case (*Somerset Bank* v. *Edmund,* 76 Ohio St. 396), appellee cannot accept additional remuneration for this performance. While appellee was not employed by the county as a carrier, the opportunity to transport other officeholders came to him because of his public position. Appellee's only choice here is whether or not to extend hospitality to would-be traveling companions. He is free to carry or not carry as he chooses, but he cannot utilize this occasion for private enrichment. *Halliday* v. *Norfolk & Western Ry. Co.,* 44 Ohio Law Abs. 208.

Suit to recover these illegally accepted funds was brought by the state under Section 309.12, Revised Code, which reads in part:

"Upon being satisfied that funds of the county * * * have been misapplied * * * or that money is due the county, the prosecuting attorney may, by civil action in the name of the state, apply to a court of competent jurisdiction * * * to recover, for the use of the county, all public moneys so misapplied * * * or to recover such money as is due the county."

Appellee contends that suit cannot be maintained against

him under this statute since he did not receive county funds directly. Appellee's narrow reading of the statute is erroneous.

In interpreting an analogous statute, this court dealt with this problem in *State, ex rel. Smith*, v. *Maharry*, 97 Ohio St. 272, stating, at page 278:

"Private persons may undertake * * * to dissipate or misappropriate public money and public property, and these statutes impose upon officers of the law the duty to bring suit to recover the same. But how can such actions be made effective *unless suit is brought against the person or persons who wrongfully hold the 'public property' or who have wrongfully taken the 'public money'?*" (Emphasis added.)

Appellee also argues that if the state should proceed, it should move against those county employees who cashed mileage vouchers applied for in their names and then paid appellee, ostensibly with their own funds. Appellee's contention is bottomed on the fallacious assumption that it was not a breach of duty for him to receive additional mileage money. Since it is improper for him to accept these payments, he comes within the terms of the statute. To say that county funds are not involved here since they reached appellee through an intermediary is to attempt a sham of the most transparent nature. Logic and convenience dictate that the prosecutor reach the misappropriated county funds by suit against appellee.

The judgment of the Court of Appeals is reversed and that of the Common Pleas Court is affirmed.

*Judgment reversed.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert and Brown, JJ., concur.

Wasserman, J., of the Eighth Appellate District sitting for Schneider, J.