[This decision has been published in *Ohio Official Reports* at 90 Ohio St.3d 560.]

THE STATE OF OHIO, APPELLEE, *v.* LOZANO, APPELLANT.

[Cite as *State v. Lozano*, 2001-Ohio-224.]

*Criminal law—Theft in office—Public employee is a "public official" for purposes of the theft-in-office statute, R.C. 2921.41.*

(No. 00-151–Submitted November 15, 2000–Decided January 17, 2001.)

APPEAL from the Court of Appeals for Lorain County, No. 98CA007143.

———————————

SYLLABUS OF THE COURT

A public employee is a "public official" for purposes of the theft-in-office statute, R.C. 2921.41.

———————————

LUNDBERG STRATTON, J.

{¶ 1} Angel L. Lozano, defendant-appellant, was convicted of theft in office in violation of R.C. 2921.41. At the time of the offense, defendant was employed in the utilities department as a line mechanic in the water and sewer division for the city of Lorain. One of defendant's responsibilities was assisting in the removal and replacement of water meters. In removing and replacing water meters, defendant was required to enter residences in the city of Lorain.

{¶ 2} Sometime in early December 1996, the superintendent of distribution for the city of Lorain learned that several of the brass water meters that had been removed and placed in storage were missing from the warehouse where they had been stored. After an investigation, which included several trips to local scrap yards, a box of 1,820 pounds of brass Lorain City water meters and parts was recovered from a local scrap yard. Two workers from the scrap yard were charged with receiving stolen property. Further investigation revealed that defendant sold the box containing the 1,820 pounds of brass to the scrap yard for $546. Defendant

did not have permission to remove the brass meters from the warehouse. Defendant was subsequently convicted of theft in office.

**{¶ 3}** The Court of Appeals for Lorain County affirmed the holding that defendant was a public official. However, the court found that the state had not proven that the value of the stolen items was more than $500, and, therefore, the evidence did not support the elevation of defendant's conviction from a fifth-degree to a fourth-degree felony. The court remanded the cause for resentencing.

**{¶ 4}** The cause is now before this court upon the allowance of a discretionary appeal.

**{¶ 5}** The issue presented to this court is whether a city employee is a "public official" for purposes of the theft-in-office statute, R.C. 2921.41. For the following reasons, we answer in the affirmative and we therefore affirm the judgment of the court of appeals.

**{¶ 6}** The theft-in-office statute provides:

"(A) No public official or party official shall commit any theft offense * * * when either of the following applies:

"(1) The offender uses the offender's office in aid of committing the offense or permits or assents to its use in aid of committing the offense;

"(2) The property or service involved is owned by this state, any other state, the United States, a county, a municipal corporation, a township, or any political subdivision, department, or agency of any of them * * *.

"(B) Whoever violates this section is guilty of theft in office. Except as otherwise provided in this division, theft in office is a felony of the fifth degree. If the value of property or services stolen is five hundred dollars or more and is less than five thousand dollars, theft in office is a felony of the fourth degree. If the value of property or services stolen is five thousand dollars or more, theft in office is a felony of the third degree." R.C. 2921.41.

{¶ 7} "Public official" is defined as "any elected or appointed officer, or employee, or agent of the state or any political subdivision, whether in a temporary or permanent capacity, and includes, but is not limited to, legislators, judges, and law enforcement officers." R.C. 2921.01(A).

{¶ 8} Defendant asserts that R.C. 2921.01(A) is ambiguous. He contends that if the General Assembly had intended the term "public official" to include all public employees, it could have simply defined the term as "any employee of the state or any political subdivision." By providing examples of public employees who are included in the class "public official," *i.e.*, legislators, judges, and law enforcement officers, defendant maintains, the General Assembly intended the statute to apply only to public employees who share the same characteristics as legislators, judges, and law enforcement. We disagree.

{¶ 9} The plain language of R.C. 2921.01(A) includes "any elected or appointed officer, or employee, or agent of the state or any political subdivision." The statute could not be clearer. The fact that the statute mentions a specific class of employees does not definitively indicate an intent on the part of the General Assembly to limit the definition to employees with those characteristics. Rather, the language "includ[ing] but * * * not limited to" indicates that what follows is a nonexhaustive list of examples. *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 156, 735 N.E.2d 433, 444 (Lundberg Stratton, J., dissenting). In fact, the General Assembly might have added those particular employees to make clear that legislators, judges, and law enforcement are to be included. Regardless of the legislative intent regarding those particular employees, the statute, by its plain language, clearly includes all employees of political subdivisions.

{¶ 10} Defendant points to case law where this court has held that "[a] public officer, as distinguished from an employee, must be invested by law with a portion of the sovereignty of the state and authorized to exercise functions either of

an executive, legislative, or judicial character." *State ex rel. Newman v. Skinner* (1934), 128 Ohio St. 325, 191 N.E. 127, paragraph one of the syllabus. However, *Newman* involved the removal of the State Librarian. The issue was "whether the State Librarian is an 'officer' within the contemplation of" Section 38, Article II of the Ohio Constitution. *Id.* at 327, 191 N.E. at 127. By contrast, the issue in the present case is whether the defendant is a "public official" within the meaning of R.C. 2921.41 and 2921.01. Thus, *Newman* is clearly inapplicable to this case.

{¶ 11} Further, defendant sets forth the argument that "[a] public official has a fiduciary duty to the citizens of the state." *State v. McKelvey* (1967), 12 Ohio St.2d 92, 41 O.O.2d 372, 232 N.E.2d 391, paragraph one of the syllabus. *McKelvey* is also inapplicable. It was not a theft-in-office case. It did not involve either R.C. 2921.41, 2921.01, or any analogous provisions. Whether the county auditor in that case was a "public official" was not even contested and, therefore, not at issue. Again, *McKelvey* has no application to this case.

{¶ 12} Defendant contends as a result of *Newman* and *McKelvey* that he is not a "public official" since he was not required to take an oath of fidelity to the government before taking office, and because he does not represent the sovereign. Because neither case set forth by defendant involves R.C. 2921.41, the theft-in-office statute, and neither case relates to the definition of "public official" as defined in R.C. 2921.01(A), they are not relevant. "Absent ambiguity, a statute is to be construed without resort to a process of statutory construction." *Ohio Dental Hygienists v. Ohio State Dental Bd.* (1986), 21 Ohio St.3d 21, 23, 21 OBR 282, 284, 487 N.E.2d 301, 303; R.C. 1.49.

{¶ 13} We conclude that the term "public official," which is defined in R.C. 2921.01(A) as "*any* elected or appointed officer, or *employee*, or agent of the state or any political subdivision," is free from ambiguity and clearly includes a city employee. (Emphasis added.) It is undisputed that defendant was an employee of

4

the city of Lorain at the time of this offense.  Thus, under the plain language of R.C. 2921.01(A), defendant is a public official.

{¶ 14} Defendant contends that to read the statute as we have is overly expansive and will lead to absurd results such as a public employee being charged with a felony for pilfering a pencil or legal pad.  When a public employee takes public property, it deprives the taxpayers of the state of Ohio of the value of that property, no matter how great or how small.  However, certainly a prosecutor has discretion and it is unlikely that the state would prosecute such minor infractions. Regardless, in applying a statute, it is the duty of this court to give effect to the words used.  *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus.  If the General Assembly intended a different result, it is free, of course, to amend the statute to redefine the definition of "public official."

{¶ 15} Accordingly, we hold that a public employee is a "public official" for purposes of the theft-in-office statute, R.C. 2921.41.  Thus, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————

*Gregory A. White*, Lorain County Prosecuting Attorney, and *Robert F. Corts*, Assistant Prosecuting Attorney, for appellee.

*James M. Burge Co., L.P.A.*, and *James M. Burge,* for appellant.

————————————