OPINION
In this timely appeal Edward Bettem ("Appellant") challenges the Belmont County Court of Common Pleas finding that he is a sexual predator as set forth under R.C. § 2950.09. In the discussion that follows this Court affirms the judgment of the trial court.
On June 6, 1996, Appellant was sentenced to an aggregate term of imprisonment of not less than 83 nor more than 203 years after a jury found him guilty of one count of rape with a firearm specification and seven counts of kidnaping. The charges stemmed from a 1992 incident during which Appellant attacked his former girlfriend, Meralin Crane, and raped Crane's friend, Carol.
On the afternoon of August 15, 1992, Appellant appeared at Carol's house in Shadyside, Ohio. Ms. Crane was there with her children, who were playing with her friend's children. Altogether, there were five children, all under the age of eleven, in the house at the time. After his arrival, Appellant drew a gun, pointing it at Carol's head. After binding the women's hands and feet, Appellant taped their mouths shut and forced them into a bedroom. The children were present during this undertaking.
Appellant then forced the children into the bedroom closet and secured the door with pieces of furniture. Then, over a span of about two hours, Appellant proceeded to sexually violate the women in one fashion or another. Their children, trapped in the nearby closet, witnessed the attacks through small slats in the closet's door. Appellant eventually left, but before doing so he threatened to kill them all if anyone tried to leave or get help. Carol managed to escape through a window and ran naked to the home of a neighbor who promptly contacted the police.
Appellant was charged with rape, felonious sexual assault and kidnaping, in the wake of the attack. After a jury trial, during which Appellant appeared pro se, he was found guilty on most counts. On appeal, however, this Court reversed and remanded the matter for a new trial because the record did not reflect that Appellant was properly admonished prior to waiving his right to counsel. See State v. Bettem I (August 30, 1995), Belmont App. No. 93-B-6, unreported.
Following a second trial where Appellant was represented by counsel, a jury convicted him on one count of rape with a firearm specification and seven counts of kidnaping. The trial court then imposed consecutive terms of ten to twenty-five years on each count for a total sentence of not less than 83 nor more than 203 years. We affirmed his conviction and sentence in State v. Bettem II (January 15, 1999), Belmont App. No. 96-BA-39, unreported.
The state later sought to have Appellant classified as a sexual offender in accordance with R.C. § 2950.01. On April 30, 2001, the matter proceeded to a hearing. Appellant insisted on representing himself at this hearing. There, he argued somewhat inartfully that his conviction and sentence were voided by the enactment of Senate Bill 2, which, among other things, replaced the former sentencing structure with determinate sentencing. (Tr. p. 2). According to Appellant, he could not be adjudicated a sexual offender because the new law did not apply. Furthermore, Appellant maintained, he should not be forced to serve the balance of his sentence, which he claimed was now void.
The trial court disagreed and attempted to explain to Appellant the consequences of a sexual offender classification. Appellant interjected, however and insisted that the trial court recuse itself to avoid "grand constitutional misconduct." (Tr. p. 6). When the trial court refused, Appellant declared that he no longer wished to participate in the hearing, stating, "[t]he Belmont County Sheriff's Department can remove me, because I will not go any further at this time." (Tr. p. 6). The trial court granted Appellant's request, had him removed from the courtroom, and proceeded to conduct the hearing in his absence.
The state called Shadyside's Chief of Police, Russell Patt, who participated in the investigation of the kidnaping and rape offenses for which Appellant was ultimately convicted. Chief Patt testified about the egregiousness of the offense. According to Chief Patt, Appellant used force and threats of force to accomplish his crimes. Specifically, Chief Patt recalled that Appellant had used a gun and a knife to commit the offenses. (Tr. p. 8). He recounted the offensive nature of the sexual conduct involved, indicating that Appellant had tortured one of the victims with a vibrator. (Tr. p. 9). Compounding the aggravating nature of the offenses was the fact that the children, locked in a closet in the very room where the attacks took place, were forced to witness the sights and sounds of the attacks through the slats in the closet door. (Tr. p. 9).
Chief Patt went on to detail the emotional trauma suffered by the victims in the aftermath of the incident. All of the victims, children and adults, have undergone extensive psychological therapy in the wake of the incident. The marriage of one of the adult victims failed, apparently as a result of Appellant's attack. In sum, Chief Patt believed that in all his years with the Shadyside Police Department, this was one of the worst crimes he had encountered. (Tr. p. 10).
At the conclusion of Chief Patt's testimony the trial court found, based upon clear and convincing evidence, that Appellant met the criteria for a sexual predator classification. (Tr. p. 10). On May 11, 2001, Appellant filed his notice of appeal.
Appellant's pro se brief fails to conform in any meaningful sense to the requirements set forth under App.R. 16(A). The pleading is a vituperative and largely unfocused condemnation of the lengthy aggregate sentence he received as well as an assault on the overall fairness of the sexual classification hearing. Given the brief's complete failure to conform to the dictates of App.R. 16(A), this Court may simply dismiss this appeal without reaching its merits.
Nevertheless, given the fact that the brief was prepared without assistance of legal counsel and in the interests of justice, we will exercise our discretion and attempt to address the merits of the issues attempted to be raised. See State v. Young, 3rd Dist. No. 4-01-18, 2002-Ohio-406. We are hampered in that Appellant's brief does not provide explicit assignments of error as required under App.R. 16(A)(3). Close examination of the entire document does reveal essentially three areas of complaint.
First, Appellant maintains that the enactment of the so-called "truth in sentencing law" makes his indeterminate sentence of 83 to 203 years, imposed before that law became effective, invalid. According to Appellant, under this state's new felony sentencing guidelines, the longest term he can receive is ten years, the maximum sentence allowable for a felony of the first degree. Consequently, Appellant claims that the ten to twenty-five year terms the trial court imposed are invalid. Appellant further proposes that the trial court erroneously imposed his sentences to run consecutively where he was convicted of related offenses of similar import, which were not committed with a separate animus. (Appellant's Brf. pp. 1, 3). Based on this, Appellant is seeking his immediate release.
In his second challenge to the proceedings in the trial court, Appellant contends that R.C. § 2950, the law under which he was classified a sexual predator, violates his constitutional rights to due process, equal protection, and the ex post facto clause. Other than complaining generally about a, "GRAND miscarrage of justic," (sic), Appellant fails to explain in what respect the trial court proceedings violated his rights to due process or equal protection. Rather, Appellant complains that the retroactive application of the new sentencing law which apparently includes the provision under which he was deemed a sexual predator violates the constitution's ex post facto clause.
Appellant thirdly argues that his classification as a sexual predator was contrary to the manifest weight of the evidence. As Appellant puts it,
 "Even if the Defendant was under the knew (sic) law as he should be, he can not be classified as a suxual (sic) preditor (sic) his case does not support these findings." (Appellant's Brf. p. 2).
This Court notes that Appellee has not filed a brief in this case. Consequently, under App.R. 18(C) this Court may accept Appellant's statements of the facts and issues as correct and reverse the matter if Appellant's brief reasonably appears to support reversal. Our examination of the record shows that it does not.
Appellant's first two arguments are easily addressed. This Court has no jurisdiction to review Appellant's complaint concerning the validity of his sentence. Any appeal concerning sentencing issues is untimely. This is an appeal from the trial court's later order concluding that Appellant is a sexual predator. Therefore, we are confined to a review solely on issues surrounding that determination.
Moreover, in seeking a reduction or modification of his sentence and his immediate release, Appellant overlooks the fact that this Court has already affirmed his conviction and the admittedly lengthy sentence the trial court imposed in Bettem II, supra. This Court has once held that the trial court did not err in concluding that the offenses (seven counts of kidnaping involving different victims, one count of rape, and a firearm specification) each involved a separate animus. Consequently, we held that the trial court did not err in imposing consecutive, rather than concurrent, sentences.
Since this Court has already addressed the propriety of Appellant's sentence, res judicata bars reconsideration of the issue now. See, Stateex rel. Carroll v. Corrigan, (2001), 91 Ohio St.3d 331, 332. Even if we were to address the merits of such a challenge, we would hold against Appellant. The "truth in sentencing law," upon which Appellant grounds his challenge, does nothing to alter or invalidate this Court's conclusion inBettem II that the trial court's decision to impose consecutive sentences was correct.
Appellant's second contention, that R.C. § 2950 violates the federal constitution's ex post facto clause, was addressed by the Ohio Supreme Court in State v. Cook (1998), 83 Ohio St.3d 404. The Cook Court unanimously held that R.C. § 2950 did not violate the ex post facto
clause because it served solely a remedial, and therefore non-punitive, purpose of protecting the public. In so concluding, the Court recognized, "that the notification requirements may be a detriment to the registrant, but the sting of public censure does not convert a remedial statute into a punitive one." Id. at 423; citing Dept. of Revenue ofMontana v. Kurth Ranch (1994), 511 U.S. 767, 777. Appellant's challenge to the constitutionality of the statute under the due process and equal protection clauses was similarly resolved to the contrary in State v.Williams (2000), 88 Ohio St.3d 513. Consequently, Appellant's constitutional challenges must fail.
Appellant's third contention, essentially challenging the weight of the evidence presented at his sexual offender classification hearing, also lacks merit. A review of the record in this case demonstrates that the trial court did not err in concluding that Appellant was properly classified a sexual predator as contemplated under R.C. §2950.01(E).
R.C. § 2950.01(E) provides that an individual who has been convicted of, or entered a guilty plea to, a sexually oriented offense may be deemed a sexual predator if the state demonstrates by clear and convincing evidence that the offender is likely to engage in such conduct in the future. Clear and convincing evidence is that which, "produces in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." State v. Eppinger (2001),91 Ohio St.3d 158, 164. Persons who are so adjudicated must thereafter register with the sheriff in the county of residence unless the trial court issues an order pursuant to R.C. § 2950.09 removing the sexual predator status.
In determining whether the sexual predator label properly applies to an offender, the trial court may consider a variety of factors, including but not limited to the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record, regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. § 2950.09(B)(2).
The trial court must consider all of the above-mentioned factors in determining whether a defendant is a sexual predator. State v. Qualls
(Mar. 4, 1999), Cuyahoga App. No. 72793, at p. 5. Such consideration requires the court, "to reflect on [and] think about with a degree of care or caution," these factors as they relate to a defendant. State v.Thompson (2001), 92 Ohio St.3d 584, 588, fn. 1, quoting, Webster's Third New International Dictionary (1986) at 483.
Nevertheless, the list of factors under R.C. § 2950.09(B)(2) is not exhaustive and each case is driven by its own facts. State v. Lozano
(2001), 90 Ohio St.3d 560, 562. Rigid rules generally have no place in determining whether an offender is a sexual predator as contemplated under R.C. § 2950.01(E). State v. Robertson (Feb. 17, 2002), Hancock App. No. 5-01-31, unreported. Therefore, the trial court can consider any evidence it deems relevant in determining whether an offender is a sexual predator. Thompson, supra, at 588.
Further, an offender may be properly classified as a sexual predator even if his behavior conforms to only one or two of the statutory factors noted above, "so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense. State v. Wilkinson, 1st Dist. No. C-010229, 2002-Ohio-1032; quoting, State v. Randall (2000),141 Ohio App.3d 160.
In adjudicating a defendant under R.C. § 2950, the trial court is not required to formally parrot the criteria set forth in R.C. §2950.09(B)(2). The record need only reflect that the court "consider[ed] all relevant factors * * * in making his or her findings." State v.Cook, supra at 426. Accordingly, the record, including the transcript of the sexual offender hearing and/or the court's judgment entry resulting from the hearing, must include a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal. State v. Burke (Sept. 21, 2000), Franklin App. No. 00AP-54, unreported, at 4-5.
In the instant case, Appellant first chose to represent himself at the sexual offender classification hearing, then refused to participate altogether when the trial court judge predictably declined his improper demand that she recuse herself. (Tr. p. 6). As a consequence, Appellant offered nothing to rebut the state's claim that his conduct warranted his classification as a sexual predator.
In support of the sexual predator classification, the state relied on the facts underlying the 1992 rape and kidnaping charges. Chief Russell Patt underscored the violent and unusually horrific nature of the incident and the lasting damage it caused to the victims.
When it concluded that the evidence clearly and convincingly demonstrated that Appellant was a sexual predator, the trial court stated as follows:
 "This Court agrees with Officer Patt's assessment that this is one of the most heinous and brutal sex offenses that this county has experienced. The total disregard for the mental and physical well being of all persons, adults and children, that are named in the Indictment is without comparison. The fact that the Defendant raped and sodimized (sic) the victim in this case and made the victim's friend watch all while the children were locked in a closet in the same room makes this offender's conduct the most serious of its kind. Furthermore, the fact that a gun was used only exacerbates an already horrible situation." (Judgment Entry, May 11, 2001).
The shear ugliness and brutality of Appellant's conduct, viewed in conjunction with Appellant's obvious disregard for the impact this dreadful undertaking might have on the five children forced to watch it, indicate that a sexual predator classification was proper. Seven individuals were cruelly victimized and terrorized by this incident. A psychological assessment of Appellant, prepared in 1993 before his first trial, further evidences that Appellant has a lengthy history of mental illness that, to date, does not appear to have been addressed.
In enacting the sex offender registration and reporting legislation at issue in this case, the General Assembly explicitly designated the measure to, "protect the safety and general welfare of the people of this state," and that the "* * * classification, registration, and notification requirements in H.B. 180 are a means of assuring public protection." State v Williams, supra at 518; and See Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560 ("H.B. 180").
Consequently, the General Assembly concluded that if the public is provided with notice and information about sexual predators, habitual sex offenders, and other individuals convicted of sexually oriented offenses as defined in R.C. § 2950.01, citizens can inform and prepare themselves and their children for the release from confinement of a sex offender. R.C. § 2950.02(A)(1). Protection of the public from sexual predators and habitual sex offenders who pose a high risk of recidivism is of "paramount governmental interest." Id. Based on the record presented, the trial court's conclusion that Appellant's case warranted such a measure was not unjustified.
We must overrule Appellant's complaints of error and we hereby affirm the judgment of the Belmont County Court of Common Pleas.
Donofrio, J., concurs.
DeGenaro, J., concurs in judgment only; see concurring in judgment only opinion.