[Cite as *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 2017-Ohio-2645.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL STEVEN A. ARMATAS | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, PJ. |
| Relator | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| PLAIN TOWNSHIP BOARD OF TRUSTEES, et al. | : | Case No. 2016CA00188 |
| | : | |
| | : | |
| Respondents | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Writ of Mandamus


JUDGMENT:        Dismissed


DATE OF JUDGMENT:        May 1, 2017


APPEARANCES:

For Relator:

Steven A. Armatas, Esq.
7690 Bucknell Circle N.W.
North Canton, Ohio  44720

For Respondent:

James F. Mathews
Andrea K. Ziarko
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS
400 South Main Street
North Canton, Ohio  44720

*Delaney, P.J.*

{¶1}   Relator, Stephen A. Armatas, has filed a complaint for writ of mandamus requesting Respondents be ordered to enforce a zoning regulation.  Respondents have filed a motion to dismiss for failure to state a claim upon which relief may be granted.

{¶2}   Relator resides in Plain Township, Ohio.  Plain Township has a zoning regulation which provides in relevant part:

> **FENCES, WALLS, AND HEDGES**
> Fences, walls and hedges shall be permitted in any required yard or along the edge of any yard . . . except that a fence, wall or hedge located in or along the sides or front of a front yard shall not exceed three (3) feet in height.  The maximum height of a fence, wall or hedge in any Residential District shall be eight (8) feet.

> Plain Township Zoning Resolution ("PTZR") Section 602.10.

{¶3}   A house in the rear of Relator's house has a row of evergreen trees which are above eight feet in height.  Relator argues his neighbor's trees violate PTZR Section 602.10 because he believes the row of trees fall under the definition of hedge.  He asks this Court to order Respondents to enforce PTZR Section 602.10.

{¶4}   To be entitled to a writ of mandamus, appellant must demonstrate that: (1) he has a clear legal right to the requested relief; (2) the respondents have a clear legal duty to perform the requested act; and (3) he has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle,* 6 Ohio St.3d 28, 451 N.E.2d 225 (1983), *certiorari denied,* 464 U.S. 1017, 104 S.Ct. 548, 78 L.Ed.2d 723 (1983).

{¶5}   Relator avers in his complaint that the zoning inspector informed Relator, "I'm not going to do anything about this."  The complaint goes on to state, "When asked

'why?' by Relator, [the zoning inspector] indicated he felt 'trees and hedges' to be different things."

{¶6}   Relator has provided this Court with a copy of Respondent's appeal form which reads in pertinent part, "Appeal from Order, Requirement, Decision or Determination of Zoning Director."

{¶7}   The zoning director made a decision or determination by stating he was not going to do anything about Relator's complaint. Relator has or had an adequate remedy at law by way of utilizing the township's appellate process. Relator is in possession of the appeals form as is evidenced by the fact that he attached it to his complaint.

{¶8}   We note Relator has averred that the zoning director informed him neither the Board of Zoning Appeals nor the Plain Township Zoning Commission would have jurisdiction over the matter because a variance or permit was not being sought. However, the appeals form provides otherwise. The form does not limit the appellate process to denial of variances or permits.

{¶9}     Relator has failed to demonstrate the elements required for the issuance of a writ of mandamus, therefore, the motion to dismiss is granted.  A writ of mandamus will not issue.


By, Delaney, P.J.

Gwin, J. and

Hoffman, J. concur.

[Cite as *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 2017-Ohio-2645.]