[Cite as *Armatas v. Haws*, 2018-Ohio-1371.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STEVEN A. ARMATAS | : | Hon. John W. Wise, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J |
| | : | |
| -vs- | : | |
| | : | Case No. 2017CA00186 |
| SCOTT MICHAEL HAWS, ET AL | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of
Common Pleas, Case No.2017CV01212

JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    April 9, 2018


APPEARANCES:

For Plaintiff-Appellant    For Defendant-Appellee

STEVEN ARMATAS    JAMES MATHEWS
7690 Bucknell Circle N.W.    400 South Main Street
North Canton, OH 44720    North Canton, OH 44720

*Gwin, J.,*

{¶1} Appellant appeals the September 19, 2017 judgment entry of the Stark County Court of Common Pleas granting appellees' motion to dismiss.

*Facts & Procedural History*

{¶2} In Plain Township, Zoning Regulation Section 602.10 provides, in pertinent part, "fences, walls and hedges shall be permitted in any required yard or along the edge of any yard * * * except that a fence, wall, or hedge located in or along the sides or front of a front yard shall not exceed three (3) feet in height. The maximum height of a fence, wall, or hedge in any Residential District shall be eight (8) feet." Appellant Steven Armatas resides in Plain Township and contends his neighbor has a row of evergreen trees which are above eight feet in height and thus violate Section 602.10.

{¶3} Appellant filed a writ of mandamus against the Plain Township Board of Trustees ("Trustees") and asked this Court to order the Trustees to enforce Section 602.10 against his neighbor. In the mandamus action, appellant provided the Court with a copy of the Plain Township appeal form which reads, in pertinent part, "Appeal from Order, Requirement, Decision, or Determination of Zoning Director." The Trustees filed a motion to dismiss the mandamus for failure to state a claim upon which relief could be granted. In *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 5th Dist. Stark No. 2016CA00188, 2017-Ohio-2645, we granted the Trustees' motion to dismiss. We found appellant had an adequate remedy at law by way of utilizing the township's appellate process and that appellant was in possession of the appeals form as evidenced by the fact that he attached it to his mandamus complaint. Appellant appealed the decision to

the Ohio Supreme Court on June 9, 2017. However, on August 23, 2017, the Ohio Supreme Court dismissed the case for want of prosecution.

{¶4} On June 13, 2017, appellant filed the instant case against appellees Scott Haws ("Haws") and Thomas Ferrara ("Ferrara"). In his complaint, appellant avers that he is a resident of Plain Township and owns the home at 7690 Bucknell Circle N.W. in North Canton. Appellant also alleges Haws is a member of the Board of Trustees of Plain Township and Ferrara is the appointed Zoning Director for Plain Township. Appellant avers that on September 8, 2016, he visited the Administrative Offices of Plain Township and spoke with Ferrara, who was working in the zoning office at the time. Further, that he informed Ferrara he believed a row of twenty foot high evergreen trees planted by his neighbor along the property line violated the hedge ordinance because the barrier constituted a "fence, wall, or hedge" along a boundary in excess of eight feet tall; however, Ferrara told him the ordinance is not applicable to the situation and he was not going to do anything because he felt trees and hedges were different things.

{¶5} Appellant alleges he then asked Ferrara if there was any procedure available to appeal his decision within Plain Township and that Ferrara, "falsely represented to [him] that neither the Plain Township Zoning Commission nor the Board of Zoning Appeals would have jurisdiction over the matter since no permit or variance was sought, but he could take up the matter with the Board of Trustees." Appellant asserts that Ferrara's actions in falsely informing him that neither had jurisdiction to hear an appeal constituted fraudulent or recklessly negligent conduct outside the scope of his employment and Ferrara acted with malicious purpose, in bad faith, or in a wanton and reckless manner.

**{¶6}** Also in his complaint, appellant avers that after he left a message for Haws about the situation, Haws visited the property and told appellant the legal interpretation of the zoning office was factually correct, as trees do not meet the criteria of a bush, hedge, wall, or fence. Appellant also alleges Haws made the false representation to appellant that the matter could only be resolved between neighboring homeowners by mediation, small claims court, or civil litigation, and that there was no avenue of appeal through Plain Township. Appellant contends that Haws' conduct in falsely informing him there was no further course of appeal through Plain Township constituted fraudulent or recklessly negligent conduct outside the scope of his employment and Haws acted with malicious purpose, in bad faith, or in a wanton and reckless manner.

**{¶7}** In Count 1, fraud, appellant alleges both Ferrara and Haws made misstatements of material fact that they knew to be false, on which they intended appellant to rely, appellant did justifiably rely on these statements, and appellant was harmed. In Count 2, appellant alleges the statements were "recklessly negligent."

**{¶8}** Ferrara and Haws filed a Civil Rule 12(B)(6) motion to dismiss on July 14, 2017. Appellant filed a memorandum contra to the motion to dismiss on July 31, 2017. The trial court issued a judgment entry granting the motion to dismiss on September 19, 2017. The trial court noted the complaint lists the fraudulent statements as Ferrara's false statement that appellant had no other formal avenues of appeal and Haws' false statement that appellant had no other avenue for appeal in Plain Township. The trial court found appellant had not pled a false misrepresentation of fact that could form the basis of a fraud claim because a representation of law is an opinion and cannot form the basis of an action for fraud in the absence of a fiduciary relationship. The trial court cited

*Mueller v. City of Vandalia*, 2nd Dist. Montgomery No. 16158, 1997 WL 102013 (March 7, 1997) in support of its decision. The trial court found appellant could not have reasonably relied on a representation concerning the law because the law was equally open and available to him. The trial court stated since appellant could have not reasonably relied on these representations, he had not sufficiently pled the fraud element of reasonable reliance.

{¶9} Appellant appeals the September 19, 2017 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶10} "I. THE TRIAL COURT COMMITTED ERROR BY GRANTING DEFENDANTS' CIVIL RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED."

{¶11} We review a trial court order granting a motion to dismiss pursuant to Civil Rule 12(B)(6) de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Bd. of Commrs.*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1989). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

**{¶12}** Fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, omission of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 462 N.E.2d 407 (1984).

**{¶13}** Appellant first argues the trial court improperly relied on the *Mueller* case. We disagree and find the *Mueller* case analogous to the instant case. *Mueller v. City of Vandalia*, 2nd Dist. Montgomery No. 16158, 1997 WL 102013 (March 7, 1997). In *Mueller*, the complaint alleged that representatives of the City of Vandalia, Montgomery County, or the Montgomery County Engineering Department incorrectly informed the Muellers they were required to provide an easement in exchange for approval of their water plan. *Id.*

**{¶14}** The Court found that assuming, arguendo, a representative from one of the political subdivisions misinformed the Muellers about the conveyance of the easement, such a statement constituted an erroneous statement of law. *Id.* Further, that "under Ohio law, a representation of law is an opinion and cannot form the basis of an action for fraud in the absence of a fiduciary relationship." *Id.* The Court also found that "every man is supposed to know the law" and "one believing statements made by another in that regard does so at his own peril." *Id.* The Court found the Muellers were charged with knowledge of law and assumed the risk of receiving inaccurate information. *Id.* Accordingly, no reasonable plaintiff could assert claims of fraud, duress, or undue

influence. *Id.* The Muellers filed an appeal to the Ohio Supreme Court. In *Mueller v. Vandalia*, 79 Ohio St.3d 1457, 681 N.E.2d 440 (1997), the Ohio Supreme Court declined jurisdiction and dismissed the appeal. The Ohio Supreme Court also denied the Muellers' motion for reconsideration.

{¶15} As it applies to the facts in the instant case, we agree with *Mueller* and other persuasive authority. *Id*; see also *Lynch v. Dial Finance Co. of Ohio No. 1, Inc.*, 101 Ohio App.3d 742, 656 N.E.2d 714 (8th Dist. 1995) (finding in Ohio a representation of law is an opinion and cannot form the basis of an action for fraud in the absence of a fiduciary relationship); *State v. Parker*, 68 Ohio St.3d 283, 626 N.E.2d 106 (1994) (finding it is "well-settled that one is presumed to know the law," including traffic regulations); *Gaston v. Bd. of Review, Ohio Bureau of Employment Services*, 17 Ohio App.3d 12, 477 N.E.2d 460 (8th Dist. 1983) (finding when the appellant was denied benefits because she missed the statutory deadline for filing based upon misinformation given to her by the agency administering the benefits that "persons seeking information from the government must assume the risk that the agent of the government might be wrong"); *Foster v. City of Westlake Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 57740, 1990 WL 193177 (Dec. 6,1990) (when appellant argued the city was estopped from enforcing an ordinance because the city's building inspector expressly approved the site, holding that a municipality is not estopped from enforcing a zoning ordinance simply because a person relies on the erroneous advice of a building inspector); *Drake v. Medical College of Ohio*, 120 Ohio App.3d 493, 698 N.E.2d 463 (10th Dist. 1997) (holding mistaken advice or opinions of a governmental agent do not give rise to a claim based upon promissory estoppel); *Mateer v. Ohio Dept. of Job & Family Services*, 10th Dist. Franklin No. 07AP-

966, 2008-Ohio-1426 (finding when ODJFS caseworker told appellant not to file an appeal that "persons seeking information from the government assume the risk that the agent of the government may be wrong").

{¶16} In this case, appellant cannot meet the justifiable or reasonable reliance prong of a fraud claim. Even assuming, arguendo, that Ferrara and/or Haws, maliciously or in bad faith, misinformed appellant that he had no avenue of appeal through Plain Township, such statements constituted erroneous statements of law, upon which appellant was not entitled to rely. Further, as this Court noted in the mandamus action, appellant was in possession of the appeals form as evidenced by the fact that he attached it to his mandamus complaint. *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 5th Dist. Stark No. 2016CA00188, 2017-Ohio-2645. Finally, pursuant to R.C. 519.24, appellant, as an "adjacent or neighboring property owner" has the option to initiate an appropriate action or proceeding to challenge what he believes to be the violation of the zoning regulation. *Parks v. Tuttle & Son Constr.*, 3rd Dist. Auglaize No. 2-83-35, 1985 WL 7382 (Aug. 22, 1985).

{¶17} Appellant contends the allegation of justifiable reliance in his complaint is sufficient to overcome a Civil Rule 12(B)(6) motion to dismiss. However, although factual allegations in the complaint are taken as true, "unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989).

{¶18} Appellant also argues that, even if *Mueller* is applicable in this case, the representation of law can form an action for fraud because all public officials are in a

fiduciary relationship with the public. We first note that appellant did not allege in his complaint that Ferrara and/or Haws had a fiduciary relationship with appellant.

{¶19} Further, appellant cites *State v. McKelvey*, 12 Ohio St.2d 92, 232 N.E.2d 391 (1967), for the broad proposition that a public official is in a fiduciary relationship with the public. As this Court stated in *Jamison v. Village of Galena*, 5th Dist. Delaware No. 15 CAE 01 007, 2015-Ohio-2845, in *McKelvey* and in cases citing to and applying *McKelvey*, a public official used his or her position for private profit or gain, engaging in some sort of financial misconduct or misappropriating funds in contravention of express statutory duties. We found the facts in *Jamison* not analogous to those in *McKelvey* because, in *Jamison*, the appellant did not allege that Jamison misused his office for private gain or misappropriated funds in contravention of a statutory mandate. *Id.*

{¶20} Similarly, in this case, the facts are not analogous to those in *McKelvey* because appellant does not allege in his complaint that Ferrara and/or Haws misused their office for private gain or misappropriated funds in contravention of a statutory mandate. See also *State v.* Lozano, 90 Ohio St.3d 560, 740 N.E.2d 273 (2001) (finding *McKelvey* inapplicable where the defendant argued a public official has a duty to the citizens of the state because the case at issue was not a theft in office case like *McKelvey)*; *Cristino v. Ohio Bureau of Workers' Compensation*, 10th Dist. Franklin No. 12AP-60 (finding *McKelvey* and *Crane* inapplicable because that precedent was established and applied in the context of public officials who engaged in financial misconduct, such as using their public office for private gain or misappropriating funds in contravention of express statutory duties); *State ex rel. Cook v. Seneca Co. Bd. of Commissioners*, 175 Ohio App.3d 721, 2008-Ohio-736, 889 N.E.2d 153 (3d Dist.) (finding

*McKelvey* and *Crane* inapplicable because appellants did not allege that the board members misused their office for private gain or misappropriated funds in contravention of a statutory mandate).

**{¶21}** In the second count of appellant's complaint, he alleges the actions of Ferrara and/or Haws were wanton or reckless.  As with his first claim, the statements of Ferrara and/or Haws do not support a wanton misrepresentation claim.  As detailed above, such statements were as to the law or legal requirements upon which appellant was not entitled to rely.  Further, since appellant has the option to initiate an appropriate action or proceeding pursuant to R.C. 519.24, he did not sustain any loss to person or property.

**{¶22}**  Based on the foregoing, we find the trial court did not err in granting Ferrara and Haws' Civil Rule 12(B)(6) motion to dismiss as, accepting all factual allegations of the complaint as true and reasonable, and drawing all reasonable inferences in favor of appellant, it appears beyond a doubt that appellant can prove no set of facts in support of his claim which would entitle him to relief.  Appellant's assignment of error is overruled.

{¶23} The September 19, 2017 judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, J.,

Wise, P.J., and

Baldwin, J., concur