OPINION *Page 2 
{¶ 1} Appellants Archie and Cynthia Jackson appeal the decision of the Court of Common Pleas, Tuscarawas County, which granted summary judgment in favor of Appellee Stocker Development Limited in a home construction dispute. The relevant facts leading to this appeal are as follows.
 {¶ 2} On May 5, 2003, appellee (builder) prepared a written construction proposal for appellants' planned two-story residence, listing building specifications, materials, dimensions, and warranties. The proposal set forth an initial base price of $154,900.00, with adjustments added for a total of $163,800.00.
 {¶ 3} Appellee thereafter proceeded with and completed construction of the home.
 {¶ 4} In May 2004, appellee and appellants entered into a written real estate purchase agreement. The purchase agreement included the following language: "This Agreement constitutes the sole and only agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties respecting the aforesaid subject matter." Agreement at paragraph 17.
 {¶ 5} The purchase agreement also contained an "as is" clause, as well as a warranty provision as to structure, workmanship, and materials for a two-year period, and a warranty provision as to mechanical systems, electrical, plumbing, heating/cooling, and light fixtures for a one-year period.
 {¶ 6} On October 24, 2006, appellants filed suit against appellee for breach of contract, CSPA violations, fraudulent misrepresentation, and negligence, alleging the home as constructed failed to comport with the original construction proposal. *Page 3 
 {¶ 7} On December 14, 2007, appellee filed a motion for summary judgment, to which appellants responded on January 3, 2008.
 {¶ 8} On March 25, 2008, the trial court granted summary judgment in favor of appellee, ruling in pertinent part that a valid breach of contract and warranty claim did not exist due to the doctrine of caveat emptor and the "as is" clause contained in the real estate purchase agreement.
 {¶ 9} On, April 24, 2008, appellants filed a notice of appeal. They herein raise the following two Assignments of Error:
 {¶ 10} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT, BY DETERMINING THAT EXECUTION OF THE REAL ESTATE PURCHASE AGREEMENT NULLIFIED ALL PRIOR AGREEMENTS BETWEEN THE PARTIES.
 {¶ 11} "II. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT, BY DETERMINING THAT APPELLANTS HAD NO VALID BREACH OF WARRANTY CLAIMS IN RELATION TO THE REAL ESTATE PURCHASE AGREEMENT."
 I. {¶ 12} In their First Assignment of Error, appellants contend the trial court erred in granting summary judgment in favor of appellee based on the execution of the real estate purchase agreement. We disagree.
 {¶ 13} As an appellate court reviewing summary judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. Porter v. Ward, Richland App. No. 07 CA 33, 2007-Ohio-5301, ¶ 34, *Page 4 
citing Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,506 N.E.2d 212. Civ. R. 56(C) provides, in pertinent part:
 {¶ 14} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 15} As a general rule, "[t]he doctrine of caveat emptor applies to real estate transactions in Ohio, and limits the ability of claimants to raise allegations of fraud or misrepresentation related thereto."Schmiedebusch v. Rako Realty, Inc., Delaware App. No. 04CAE08062,2005-Ohio-4884, ¶ 19. It is a well-settled principle of contract law that the parties' intentions be ascertained from the contractual language. If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. Monotube Pile Corporation v. Union Metal Corporation (1998), Stark App. No. 1997CA00185. We have consistently upheld the validity of properly drafted integration clauses in contracts. See, e.g., Stults Associates, Inc. v. Neidhart (Nov. 15, 1999), Delaware App. Nos. 99 CA 11, 99 CA 17; Tippel v. R.C. Miller Refuse Service, Inc. (Feb. 14, 2000), Stark App. No. 1999CA00244. *Page 5 
 {¶ 16} In the case sub judice, the real estate purchase agreement specifically "* * * supersedes any prior understandings or written or oral agreements between the parties" respecting the house. Appellants maintain that the original construction proposal of May 4, 2003 should be treated as a contract and enforced accordingly. However, even if we were to elevate the original proposal to the status of a contract, we hold that the integration clause on the May 2004 real estate purchase agreement would control under the circumstances of this case. Thus, the trial court's grant of summary judgment in favor of appellee was not erroneous in this regard.
 {¶ 17} Accordingly, appellants' First Assignment of Error is overruled.
 II. {¶ 18} In their Second Assignment of Error, appellants contend the trial court erred in granting summary judgment in favor of appellee as to the breach of express warranty claim. We agree.
 {¶ 19} In Layman v. Binns (1988), 35 Ohio St.3d at 176, 177,519 N.E.2d 642, the Ohio Supreme Court aptly noted that without the doctrine of caveat emptor, "nearly every sale would invite litigation instituted by a disappointed buyer." However, the real estate purchase agreement in the case sub judice involves an "as is" clause followed immediately by an express warranty:
 {¶ 20} "4. INSPECTION OF PREMISES
 {¶ 21} "Buyer acknowledges that he had the opportunity to inspect the premises and that he has availed himself of that opportunity to the extent he desires. With respect to the property's condition, value, character, size and improvements and *Page 6 
fixtures, if any, Buyer is relying solely upon such inspection and agrees that he is purchasing the property in its present "as in (sic) condition".
 {¶ 22} "Seller will warrant the structure, workmanship, and materials supplied by or purchased from Seller for a two (2) year period. The mechanical systems, electrical, plumbing, heating and cooling, and light fixtures, which were supplied by or purchased through Seller, shall be warranted for a one (1) year term. Seller will transfer all manufacturers' warranties on to Buyer." Purchase Agreement at paragraph 4.
 {¶ 23} Where a vendor offers an express guarantee as to the condition of a property, the doctrine of caveat emptor does not control. SeeGlickman Properties, Inc. v. Crow (Dec. 19,, 1996), Cuyahoga App. No. 70577. See, also, Mitchem v. Johnson (1966), 7 Ohio St.2d 66, 70, citingShapiro v. Kornicks (1955), 103 Ohio App. 49. By analogy, in the realm of consumer transactions, an "as is" clause can preclude any claim based on an implied warranty, but cannot preclude any claim based on an express warranty. See Perkins v. Land Rover of Akron, Mahoning App. No. 03 MA 33, 2003-Ohio-6722, ¶ 18. Furthermore, we note appellee herein has not filed a response brief in this appeal. App. R. 18(C) states in pertinent part: "If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission * * *; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." *Page 7 
 {¶ 24} Upon review, we find merit in appellants' assertion that summary judgment was improper as to the claim of breach of express warranty. Appellants' Second Assignment of Error is sustained.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed in part, reversed in part, and remanded for trial on the issue of breach of express warranty.
 Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
 Costs to be split 50% to appellants and 50% to appellee. *Page 1