[Cite as *Krothe v. Westfield Ins.*, 2020-Ohio-172.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| CHERYL KROTHE, ET AL | : | Hon. William B. Hoffman, PJ. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiffs-Appellants | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2019CA00099 |
| WESTFIELD INSURANCE, ET AL | : | |
| | : | |
| Defendants-Appellees | : | OPINION |

CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of Common Pleas, Case No. 2018CV01925

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    January 22, 2020

APPEARANCES:

For Plaintiffs-Appellants

CHRISTOPHER PARKER
50 South Main Street
10th Floor
Akron, OH 44308-1828

For Defendant-Appellee Westfield

JAMES DESMITH
3521 Whipple Avenue N.W.
Canton, OH 44718

*Gwin, .J.,*

{¶1}　Appellants appeal the June 4, 2019 judgment entry of the Stark County Court of Common Pleas granting appellee's motion for summary judgment.

*Facts & Procedural History*

{¶2}　On October 3, 2018, appellants Cheryl and Alan Krothe filed an underinsured motorists' complaint against appellee Westfield Insurance.　In the complaint, appellants allege that on October 7, 2016, tortfeasor Samantha Bragg ("Bragg") negligently operated her motor vehicle and collided into a motor vehicle in which Cheryl Krothe was a passenger, resulting in injuries to Krothe.　Appellants further allege that Cheryl Krothe was insured under a policy of insurance issued by appellee with underinsured motorists' coverage and appellee is obligated to compensate her for damages she incurred as a result of the automobile accident that are not covered by the tortfeasor's insurance.　The complaint also included Alan Krothe's claim for loss of consortium.

{¶3}　Appellee filed an answer to the complaint on November 1, 2018 and filed a motion for summary judgment on January 14, 2019.　Appellee argued appellants are not entitled to underinsured motorists benefits because appellants breached a subrogation-related provision in their insurance policy.　Attached to the motion for summary judgment are appellants' responses to appellee's request for admissions and interrogatories.　In the requests for admission, appellants admit as follows:　an agreement between appellants and Motorists Insurance to accept tortfeasor Samantha Bragg's liability limits with Motorists Insurance was reached on September 28, 2018; in exchange for the payment of Motorists' policy limits, a release of all claims was signed by appellants on October 6,

2018; and a settlement check representing payment in full of Motorists' policy limits was issued to appellants on October 16, 2018.

{¶4} Also attached to the motion for summary judgment is the insurance policy issued by appellee to appellants. Pertinent to this appeal, the insurance policy requires the insured to notify the insurer of a potential settlement with an underinsured driver. The policy provides, "We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for **bodily injury** sustained by any **insured**: 1. If that **insured** or legal representative settles the **bodily injury** claim and such settlement prejudices our rights to recover payment." A separate provision of the underinsured endorsement provides as follows:

### ADDITIONAL DUTIES

A person seeking coverage under this endorsement must also promptly:

*** 

**B.** Notify us in writing of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle**. However, this paragraph **(B)**, does not apply if failure to notify us does not prejudice our rights against the insurer, owner or operator of such **underinsured motor vehicle**.

{¶5} On April 30, 2019, the trial court denied appellee's motion for summary judgment because appellee did not provide an authenticated copy of the release executed

by appellants. The trial court also granted appellee leave to file a supplemental motion for summary judgment.

{¶6} Appellee filed a supplemental motion for summary judgment on May 10, 2019, again attaching appellants' responses to appellee's request for admissions and a copy of the insurance policy issued by appellee to appellants. Also attached to the supplemental motion is an authenticated copy of the release executed by appellants on October 6, 2018. The release is signed by both appellants and notarized by their counsel and provides,

That the undersigned, being of lawful age, in consideration of the payment of One Hundred Thousand dollars and 00/00 [sic] ($100,000) Dollars, the receipt whereof is hereby acknowledged, having released and discharged, and by these present do for ourselves, our heirs, executors, administrators, successors, and assigns release and forever discharge PENNY L BRAGG ROBERT BRAGG et al of and from all claims for interest due and owing, demands, damages, actions, causes of actions, or suits of law or in equity, of whatsoever kind or nature, for or because of any manner or thing done, omitted or suffered to be done by said PENNY L BRAGG ROBERT BRAGG et al and all other persons, associations and corporations, jointly or severally liable or claimed to be jointly or severally liable with PENNY L BRAGG ROBERT BRAGG et al to Cheryl Krothe the undersigned, prior to and including the date hereof, and particularly on account of all injuries, known or unknown, to persons or property resulting or to result, from an

accident which occurred on or about the 7th day of October, 2016, at or near RT 21 LAKE MASSILLON OH.

{¶7} Appellants filed a response to the motion for summary judgment on May 20, 2019. Attached to appellants' response is a copy of a letter that counsel for appellants sent to Dawson Insurance dated October 24, 2017. The letter states that the automobile accident occurred on October 7, 2016, the tortfeasor in this matter has $100,000 worth of coverage, and "the purpose of this letter is to put you on notice that Ms. Krothe may exercise her right to underinsured coverage under the above-referenced Westfield policy as my demand for settlement exceeds Motorists' policy limits." The final paragraph of the letter states, "upon receipt and review, please contact me so that we may discuss. Thank you for your anticipated cooperation in this matter."

{¶8} Also attached to appellants' response is the affidavit of Cheryl Krothe. Krothe avers as follows: the Westfield insurance policy implicated in this matter was purchased and procured through Dawson Insurance; she never had any correspondence or dealt with anyone other than Dawson Insurance with regards to the subject Westfield policy; she never received or obtained additional or supplemental contact information from any other representative or agent of Westfield Insurance; and no one from Dawson Insurance or any other representative of Westfield Insurance ever instructed her to contact or notify someone other than Dawson Insurance with respect to her underinsured motorist coverage claim. Appellee filed a reply in support of its supplemental motion for summary judgment on May 29, 2019.

{¶9} The trial court issued a judgment entry on June 4, 2019, granting appellee's supplemental motion for summary judgment. The trial court found the undisputed facts

establish appellants failed to notify appellee in writing of a tentative settlement with Motorists and failed to allow appellee thirty days to advance payment to preserve appellee's subrogation rights as required by the plain terms of appellants' underinsured policy endorsement with appellee and, since this failure is presumed prejudicial and appellants offered no evidence to rebut the presumption, summary judgment is proper.

{¶10} Specifically and in accordance with the two-step inquiry set forth by the Ohio Supreme Court in *Ferrando v. Auto-Owners Mutual Ins. Co.*, 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927, the trial court examined whether there was a breach of a subrogation-related provision in the Westfield underinsured motorists' policy endorsement and whether Westfield was prejudiced such that underinsured motorists benefits must be forfeited. As to the breach of a subrogation-related provision, the trial court found it is undisputed that the only notice appellants provided was the initial letter on October 24, 2017. This letter notified the company an accident had occurred and that appellants may exercise their rights to underinsured coverage. However, the policy requires the insured tell the insurer the specifics of a contemplated settlement and the undisputed facts establish appellants never informed either appellee or Dawson Insurance that it was contemplating accepting a $100,000 settlement from Motorists in exchange for a full release of the tortfeasor. The trial court found appellants did not afford appellee 30 days to advance payment to preserve appellee's rights against Bragg before accepting the settlement.

{¶11} As to appellants' argument that they were prevented from providing such notice, the trial court found there was no unforeseeable event that prevented appellants from complying with the notice terms of the policy. The trial court found the undisputed

facts establish that appellants breached a subrogation-related provision of the Westfield policy.

{¶12} The trial court then analyzed whether appellee was prejudiced such that underinsured benefits must be forfeited. Pursuant to *Ferrando*, the trial court began its analysis with the presumption that appellee was prejudiced by appellants' failure to put appellee on notice of the tentative settlement with Motorists. The trial court determined appellants presented no evidence to rebut the presumption of prejudice and thus there is no coverage for any of appellants' claims under the terms of the insurance policy.

{¶13} Appellants appeal the June 4, 2019 judgment entry of the Stark County Court of Common Pleas and assign the following as error:

{¶14} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT BY FINDING THAT REASONABLE MINDS CAN COME TO BUT ONE CONCLUSION THAT THERE ARE NO GENUINE ISSUES OF MATERIAL FACT, AND THAT DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW."

*Summary Judgment Standard*

{¶15} Civil Rule 56(C) provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary

judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶16} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶17} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶18} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record

which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

I.

{¶19} In their assignment of error, appellants contend the trial court erred in granting summary judgment to appellee because there are genuine issues of material fact as to whether proper notice was given and whether appellee was prejudiced by any lack of notice. An insurance policy is a contract and the relationship between the insurer and the insured is purely contractual in nature. *Nationwide Mut. Ins. Co. v. Marsh*, 15 Ohio St.3d 107, 472 N.E.2d 1061 (1984). An insurance policy is a contract and is construed in accordance with the same rules applicable to other written contracts. *Hybud Equipment Corp. v. Sphere Drake Ins. Co., Ltd.*, 64 Ohio St.3d 657, 597 N.E.2d 1096 (1992). It is a well-settled principle of contract law that the parties' intentions be ascertained from the contract language. *Jackson v. Stocker Dev. Ltd.*, 5th Dist. Tuscarawas No. 2008 AP 034 0029, 2008-Ohio-5337. If a contract is clear and unambiguous, then its interpretation is a matter of law and there are no issues of fact to be determined. *Id.* We presume the intent of the parties is reflected in the language of the contract and we will look at the plain and ordinary meaning of the language used in the contract. *McDonald v. Canton Med. Edn. Found. Inc.*, 5th Dist. Stark No.

2012CA00240, 2013-Ohio-3659. "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or the overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978).

{¶20} We find the Ohio Supreme Court's opinion in *Ferrando v. Auto-Owners Mut. Ins. Co.*, instructive in this case. 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927. In *Ferrando*, the Supreme Court held that a court evaluating whether a consent-to-settle or other subrogation-related provision in an underinsured motorists' policy was breached, must conduct a two-step inquiry: (1) determine whether a breach of the provision at issue actually occurred and (2) if a breach occurred, whether the UIM insurer was prejudiced. *Id.*

{¶21} Appellants argue there is a question of fact regarding whether the policy was breached, as they contend they complied with the Westfield policy by providing the October 24, 2017 letter to Dawson Insurance, and that any additional notice was made impossible by the acts and omissions of Westfield and their agents in failing to respond to the October 24, 2017 letter and because no follow-up correspondence or additional contact information was provided by appellee or Dawson Insurance.

{¶22} In this case, the policy clearly provides that appellants must notify appellee in writing of a tentative settlement and allow appellee 30 days to advance payment to preserve its rights. The policy also specifically states that if the insured settles the bodily injury claim and the settlement prejudices appellee's right to recover payment, appellee does not provide underinsured coverage. In this case, appellants admit that an agreement between appellants and Motorists was reached on September 28, 2018, admit

that in exchange for the payment of Motorists' policy limits, a release of all claims was signed by appellants on October 6, 2018, and admit that a settlement check representing payment in full of Motorists' policy limits was issued to appellants on October 16, 2018.

{¶23} As to appellants' argument that they did comply with the policy by providing the October 24, 2017 letter to Dawson Insurance, the Supreme Court specifically discussed this type of situation in *Ferrando* and stated as follows:

> It is helpful to point out that there are two different types of 'notice' inquiries that actually are possible in the types of cases we consider as relevant to this case and that should not be confused. One of those inquiries focuses on a 'prompt notice' clause specifically contained in an insurance policy that requires that an insured promptly give notice of an accident or claim to the UIM insurer. The other type of notice at issue is the notice inquiry that can be an inherent part of the question whether a consent-to-settle clause was complied with. For an insured to obtain consent from a UIM insurer to a proposed settlement, the insured first must give notice to the insurer that a settlement is being contemplated.

*Id.* The letter sent to Dawson Insurance in October of 2017 notified appellee that an accident occurred and that appellants "may" exercise their rights to underinsured coverage under the Westfield policy. However, the plain and unambiguous language of the policy requires appellants to inform appellee of the specifics of a contemplated settlement agreement. In the October 2017 letter, appellants did not inform appellee or Dawson Insurance that they were contemplating accepting a $100,000 settlement from Motorists in exchange for a full release of Bragg and did not notify appellee of the tentative

settlement such that appellee had 30 days to advance payment to preserve appellee's rights against Bragg before accepting the settlement.

{¶24} With regards to appellants' argument regarding impossibility of performance, impossibility of performance occurs where, after the contract is entered into, an unforeseen event arises rendering impossible the performance of one of the contracting parties. *Jenkins v. State Farm Fire & Cas. Co.*, 5th Dist. Perry No. 12-CA-5, 2012-Ohio-6076. Even though appellee and/or Dawson Insurance did not respond to the October 2017 letter or otherwise contact appellants, this was not an unforeseen even that rendered it impossible for appellants to send written notice to appellee of the tentative settlement pursuant to the terms of the policy. The policy itself contains the contact information for the insurer.

{¶25} Accordingly, we find the trial court did not commit error in determining that a breach of the UIM provision of the Westfield policy occurred.

{¶26} Appellants also contend summary judgment was inappropriate because appellee was not prejudiced in any way by appellants' settlement with Motorists because appellants settled their case for the full limits of the Motorists' policy. If the consent-to-settle or other subrogation-related clause was breached, the second step is to determine whether the UIM insurer was prejudiced. *Ferrando v. Auto-Owners Mut. Ins. Co.*, 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927. "If a breach occurred, a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut." *Id.* In this case, appellants failed to present any competent summary judgment evidence to rebut the presumption that appellee was prejudiced by appellants' failure to provide the notice required by the policy.

{¶27} Additionally, in the release signed by appellants on October 6, 2018, appellants agreed to fully release Bragg "from all claims for interest due and owing, demands, damages, actions, causes of actions, or suits of law or in equity, of whatsoever kind or nature" arising out of the accident.   Though appellants settled for the full policy limits of Motorists' policy, the release signed by appellants forfeits appellee's right to pursue a subrogation action.

{¶28} We find the trial court did not commit error in determining appellants presented no evidence to rebut the presumption of prejudice and in finding there is no coverage for any of appellants' claims under the terms of the insurance policy.

{¶29} Based on the foregoing, appellants' assignments of error are overruled. There is no genuine issue of material fact that appellants failed to place appellee on notice of their tentative settlement with Motorists and failed to afford appellee 30 days to advance payment of the tentative settlement amount in order to preserve its right of subrogation. Further, appellants failed to produce any competent summary judgment evidence to rebut the presumption that appellee was prejudiced by their failure to provide the notice required by the policy.

{¶30}    The June 4, 2019 judgment entry of the Stark County Common Pleas Court

is affirmed.

By Gwin, J.,

Hoffman, P.J., and

Wise, John J., concur