[Cite as *Blundell v. Lazzerini*, 2023-Ohio-1275.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STEPHANIE BLUNDELL, Individually and as Administratrix of the Estate of JAIMIE L. HAYHURST, Deceased | JUDGES: Hon. John W. Wise, P.J. Hon. Craig R. Baldwin, J. Hon. Andrew J. King, J. |
| Defendant-Appellant | Case No. 2022 CA 00115 |
| -vs- | |
| FRANK LAZZERINI, MD, et al. | |
| Defendants-Appellees | |
| -vs- | |
| HEALTHCARE UNDERWRITERS GROUP, INC. | |
| Plaintiff-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No. 2022 CV 00250

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     April 20, 2023

APPEARANCES:

For Plaintiff-Appellee

PETER N. LAVALETTE
JEFF M. SMITH
ROBISON, CURPHEY & O'CONNELL LLC
Four SeaGate, Ninth Floor
Toledo, Ohio 43604

For Defendant-Appellant

COURTNEY J. SUTTON
PAUL G. PERANTINIDES
PERANTINIDES & NOLAN
80 South Summit Street, Suite 300
Akron, Ohio 44308

*Wise, P. J.*

{¶1}   Defendant-Appellant, Stephanie Blundell, Administratrix of the Estate of Jaimie Hayhurst, appeals from the August 26, 2022, Judgment Entry by the Stark County Court of Common Pleas. Plaintiff-Appellee is Healthcare Underwriters Group, Inc. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On August 12, 2014, Jaimie Lynn Hayhurst ("Decedent") died in bed in her home. Her death certificate listed the cause of death as "acute intoxication by the combined effects of multiple drugs, including alprazolam, fentanyl, and oxycodone." These were prescribed by Frank Lazzerini ("the Insured"), her physician at the time.

{¶3}   On December 11, 2015, husband of Decedent timely filed a medical malpractice and wrongful death action against the Insured and Frank D Lazzerini MD LLC dba Premier Family Practice.

{¶4}   On February 16, 2016, law enforcement raided Premier Family Practice.

{¶5}   On September 13, 2016, the Insured filed a Motion for Stay of Proceedings.

{¶6}   On September 22, 2016, the trial court denied the Motion for Stay of Proceedings.

{¶7}   On May 22, 2017, Appellant voluntarily dismissed the law suit as the Insured indicated he would not answer any incriminating questions based on his Fifth Amendment Right against self-incrimination.

{¶8}   On May 7, 2018, the lawsuit was refiled by Appellant.

{¶9}   Appellee moved for a stay of proceedings until the resolution of the Insured's criminal prosecution. The trial court granted this motion.

{¶10} On June 19, 2019, a jury found the Insured guilty on 187 criminal counts, including Involuntary Manslaughter of Decedent and Unauthorized Writing of Prescriptions to Decedent for a Controlled Substance for other than Legitimate Medical Purposes.

{¶11} On February 18, 2022, at a status hearing Appellee informed Appellant it would move for the trial court to declare Appellee was not obligated to extend coverage to the Insured in the matter of Decedent due to a policy exclusion for criminal acts.

{¶12} On February 28, 2022, the trial court consolidated Appellant's wrongful death and medical malpractice action against the Insured and his former medical practice.

{¶13} On April 27, 2022, Appellee filed a Motion for Summary Declaratory Judgment as Appellee was not obligated to extend coverage in the matter of Decedent due to the policy exclusion for criminal acts.

{¶14} On May 23, 2022, the Insured filed a Brief in Opposition to Appellee's Motion for Summary Declaratory Judgment stating the medication prescribed to Decedent was in his capacity as a physician and was medically necessary.

{¶15} On May 25, 2022, Appellant also filed a Brief in Opposition to Appellee's Motion for Summary Judgment.

{¶16} On May 31, 2022, Appellee filed a Reply to Mr. Lazzerini's Brief in Opposition to Summary Declaratory Judgment and a Contra Motion for Summary Judgment.

{¶17} On June 22, 2022, Appellee filed a Reply to Appellant's Brief in Opposition to Summary Declaratory Judgment.

{¶18} On August 26, 2022, the trial court granted Appellee's Motion for Summary Declaratory Judgment.

## ASSIGNMENTS OF ERROR

{¶19} Appellant filed a timely notice of appeal and herein raises the following three Assignments of Error:

{¶20} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE HEALTHCARE UNDERWRITERS GROUP INC. DBA COVERYS' MOTION FOR SUMMARY DECLARATORY JUDGMENT AND DECLARING THAT APPELLEE IS NOT OBLIGATED TO DEFEND OR INDEMNIFY ITS INSURED WITH RESPECT TO THE INJURIES, DAMAGES, AND WRONGFUL DEATH OF DECEDENT JAIMIE HAYHURST, AS THE LANGUAGE OF THE SUBJECT POLICY OF INSURANCE IS OVERLY BROAD, VAGUE, AND VIOLATIVE OF PUBLIC POLICY.

{¶21} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT FINDING THAT IT IS AGAINST PUBLIC POLICY TO PERMIT APPELLEE TO DENY COVERAGE AND INDEMNIFICATION TO ITS INSURED, MR. LAZZERINI.

{¶22} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT-BLUNDELL'S CONTRA-MOTION FOR SUMMARY JUDGMENT AS DEFENDANT LAZZERINI'S CRIMINAL CONVICTIONS ARE CONCLUSIVE PROOF OF HIS CIVIL LIABILITY FOR DECEDENT'S INJURIES AND WRONGFUL DEATH."

## Standard of Review

{¶23} With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any

deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56 a trial court may grant summary judgment if it determines: (1) no genuine issues of material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274 (1977).

**{¶24}** The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶25}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court which demonstrates the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

### I., II.

**{¶26}** In Appellant's first and second Assignments of Error, Appellant argues the trial court erred in granting Appellee's Motion for Summary Declaratory Judgment as the

language in the policy is overly vague and contrary to public policy and that it is against public policy to deny coverage for liability resulting from the negligent practice of medicine. We disagree.

**{¶27}** "An insurance policy is a contract and the relationship between the insurer and the insured is purely contractual in nature." *Krothe v. Westfield Ins.*, 5th Dist. Stark No. 2019CA00099, 2020-Ohio-172, ¶19, citing *Nationwide Mut. Ins. Co. v. Marsh*, 15 Ohio St.3d 107, 472 N.E.2d 1061 (1984). As a contract, an insurance policy must be interpreted in accordance with the rules of construction applicable to all other contracts. *Hybud Equip. Corp. v. Sphere Drake Ins. Co.*, 64 Ohio St.3d 657, 665, 597 N.E.2d 1096 (1992). "The role of a court in interpreting an insurance policy is to give effect to the intent of the parties to the agreement." *Collins v. Auto-Owners Ins. Co.*, 12th Dist. No. CA2016-08-074, 2017-Ohio-880, 80 N.E.3d 542, ¶12. "If a contract is clear and unambiguous, then its interpretation is a matter of law and there are no issues of fact to be determined." *Krothe* at ¶19, citing *Jackson v. Stocker Dev. Ltd.*, 5th Dist. Tuscarawas No. 2008 AP 034 0029, 2008-Ohio-5337. Therefore, we look at the plain and ordinary meaning of the language of the insurance policy. *Krothe* at ¶19.

**{¶28}** Appellant has cited no case law holding criminal exclusion clauses are against public policy and overbroad. Instead, Appellant's argument points to a case with no precedential value. In *Nationwide Mut. Ins. Co. v. Briggs*, 5th Dist. Stark No. 2009 CA 00108, 2009-Ohio-6452, ¶15, *appeal dismissed, ordered not precedential*, 128 Ohio St.3d 394, 2011-Ohio-1420, 944 N.E.2d 1170, ¶15. Appellant failed to disclose the Supreme Court of Ohio held, "[t]he court orders that the opinion of the court of appeals may not be cited as authority except by the parties inter se."

**{¶29}** Appellant also cited *dicta* from the Second District Court of Appeals case, *Allstate Ins. Co. v. Cartwright*, No. 15472, 1997 WL 368370. In *Cartwright*, Cartwright accidentally shot his friend while mishandling a firearm. The applicable insurance policy contained a criminal acts exclusion clause. Cartwright entered a plea of guilty to Mishandling a Firearm. The trial court granted summary judgment for the insurance company as the criminal acts exclusion clause prevented the insured from recovering. The Second District found the criminal acts clause applied to an insured who unintentionally mishandled a firearm. In *dicta*, the Second District warned of broad application of criminal acts exclusion clauses in insurance contracts, but found that the criminal acts exclusion clause prevented the victim from recovering from Cartwright because a gunshot injury is reasonably foreseeable consequence for mishandling a firearm.

**{¶30}** In the case *sub judice*, the insurance policy provides Appellee excludes coverage of insured for "[a]ny liability resulting from *any* violation of *any* applicable local (city/county), federal or state law[,]" and for "[a]ny liability resulting from *any* criminal or fraudulent act by the INSURED[.]" Here the language is clear. The insurance policy excludes coverage for any liability resulting from criminal or fraudulent act by the insured. Therefore, the insurance policy does not cover Appellant's claim.

**{¶31}** Even assuming *arguendo* that the criminal acts exclusion clause covers liability for injuries reasonably expected from the criminal acts of an insured person, liability in the current matter would be excluded based upon Insured's criminal convictions. "A criminal conviction is conclusive proof and operates as an estoppel on defendants as to the facts supporting the conviction in a subsequent civil action. * * *

Estoppel extends only to questions 'directly put in issue and directly determined' in the criminal prosecution." *Wloszek v. Weston, Hurd, Fallon, Paisle & Howley, LLP*, 8th Dist. No. 82412, 2004-Ohio-146, ¶40 (internal citations omitted). Ohio courts have determined that an overdose is reasonably foreseeable from the sale of controlled substances. *State v. Luce*, 5th Dist. Ashland No. 17-COA-037, 2018-Ohio-4409, ¶39 (An overdose death was a reasonably foreseeable consequence of selling a fentanyl analog.); *State v. Patterson*, 11th Dist. Trumbull No. 2013-T-0062, 2015-Ohio-4423, ¶91 ("The possibility of an overdose is a reasonably foreseeable consequence of the sale of heroin"). *See also State v. Mitchell*, 3rd Dist. No. 14-19-14, 2019-Ohio-5168, ¶23; *State v. Vogt*, 4th Dist. Washington No. 17CA17, 2018-Ohio-4457, ¶99-100, 105; *State v. Veley*, 6th Dist. Lucas No. L-16-1038, 2017-Ohio-9064, ¶25. "Death is even more foreseeable when the drug supplied is fentanyl." *State v. Williams*, 7th Dist. Columbiana No. 19 CO 0010, 2020-Ohio-4430, ¶53.

**{¶32}** In the case at bar, the Insured was convicted, among other counts, of knowingly selling oxycodone and/or fentanyl to Decedent through the authorization of prescriptions for other than legitimate medical purposes and inconsistent with the usual course of medical practice and treatment of patients. Therefore, despite the Insured's insistence that he prescribed this medication in the practice of medicine, his conviction on count 163 of the indictment is conclusive proof that it was not for any legitimate medical purpose and inconsistent with the usual course of medical practice.

**{¶33}** Appellant then argues that Appellee's denial of coverage based on merely negligent medical care is against public policy. However, as discussed previously, the Insured's conviction for trafficking in oxycodone and/or fentanyl serves as conclusive

proof this was not done in the course of the practice of medicine, but as a criminal act serving no legitimate medical purpose.

**{¶34}** Appellant's first and second Assignments of Error are overruled.

**III.**

**{¶35}** In Appellant's third Assignment of Error, Appellant states the Insured's convictions serve as proof of his civil liability, and therefore Appellant's Contra-Motion for Summary Judgment should have been granted.

**{¶36}** "The denial of a motion for summary judgment generally is considered an interlocutory order not subject to immediate appeal." *Stevens v. Ackman*, 91 Ohio St.3d 182, 2001-Ohio-249, 743 N.E.2d 901. As such, a denial of summary judgment is not generally a final appealable order. "This is because the denial of the motion does not determine the outcome of the case. The parties both still have the opportunity to prove their case at trial and a judgment in either party's favor is not precluded." *International Brotherhood of Electrical Workers, Local Union No. 8 v. Vaughn Industries*, 6th Dist. No WD-05-091, 2006-Ohio-475, ¶21.

**{¶37}** Therefore, to the extent Appellant is appealing the Insured's civil liability for the wrongful death of the Decedent, the denial of Appellant's Contra-Motion for Summary Judgment is not a final appealable order. Any arguments Appellant is attempting to make regarding Appellee's denial of coverage to the Insured is addressed in the first and second Assignments of Error.

{¶38} Accordingly, Appellant's third Assignment of Error is overruled.

{¶39} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

By: Wise, P. J.

Baldwin, J., and

King, J., concur.

JWW/br 0419