[Cite as *Riehm v. Reindl*, 2023-Ohio-4611.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| JEREMY RIEHM, et al., | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiffs - Appellants | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| THOMAS REINDL, et al., | : | | Case No. 2023 CA 0024 |
| | : | | |
| Defendants - Appellees | : | | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Richland County
                                Court of Common Pleas, Case No.
                                2021-CV-0466

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               December 14, 2023

APPEARANCES:

For Plaintiffs-Appellants                For Defendants-Appellees

J. JEFFREY HECK                          DAVID N. HARING
The Heck Law Offices, LTD.               Brown, Bemiller, Murray
One Marion Avenue, Suite 215             & Haring, LLC
Mansfield, Ohio 44903                    99 Park Avenue West, Suite B

*Baldwin, J.*

**{¶1}** The appellants appeal the trial court's decision granting summary judgment in favor of the appellees. For the reasons that follow, we affirm the decision of the trial court.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** In 1995, the appellees purchased four buildings located at 84 LaSalle Street, 94 LaSalle Street, 103 LaSalle Street, and 113 LaSalle Street, Mansfield, Ohio ("the Properties"). Each building consisted of three rental units, creating a twelve-unit apartment complex. The appellees operated the Properties as owners/landlords as part of their real estate rental business. They did not live at the Properties, and were only aware of any routine maintenance or repairs if a tenant notified them about an issue or they observed an issue while doing other routine maintenance.

**{¶3}** In February of 2021, the appellees listed the Properties for sale. They completed a Residential Real Estate Disclosure Form ("the Form"), page 1 of which provides:

**Purpose of Disclosure Form:** This a statement of certain conditions and information concerning the property actually known by the Owner. An Owner may or may not have lived at the property and unless the potential purchaser is informed in writing, the owner has no more information about the property than could be obtained by a careful inspection of the property by a potential purchaser. Unless the potential purchaser is otherwise informed, the owner has not conducted any inspection of generally

inaccessible areas of the property. This form is required by Ohio Revised Code Section 5302.30.

THIS FORM IS NOT A WARRANTY OF ANY KIND BY THE OWNER OR BY ANY AGENT OR SUBAGENT REPRESENTING THE OWNER. THIS FORM IS NOT A SUBSTITUTE FOR ANY INSPECTIONS. **POTENTIAL PURCHASERS ARE ENCOURAGED TO OBTAIN THEIR OWN PROFESSIONAL INSPECTION(S)**.

(Boldface original.)

**{¶4}** Section D of the Form provides:

**WATER INTRUSION:** Do you know of any previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement or crawl space?

\*       \*       \*

Do you know of any water or moisture related damage to flooring, walls or ceilings as a result of flooding, moisture seepage, moisture condensation, ice damming, sewer, overflow/backup, or leaking pipe, plumbing fixtures or appliances?

(Boldface original.) The appellees answered with an "X" in the "No" boxes for each paragraph.

**{¶5}** Finally, Section (K) of the Form provides:

**DRAINAGE/EROSION**: Do you know of any previous or current flooding, drainage, settling or grading or erosion problems affecting the property?

Again, the appellees answered with an "X" in the "No" box.

{¶6}    According to the sworn testimony of appellee Thomas Reindl, water seeped into the heating ducts/registers during a heavy rain on approximately three occasions in the 26-year period the appellees owned the Properties.  The appellees believed the water seepage was due to a clogged or loose downspout which overflowed because once the downspout was repaired, the water drained and the issue no longer remained. He also stated that the last time a downspout clog caused a small amount of water in the heating ducts was approximately seven to eight years prior to selling the Properties to the appellants.

{¶7}    The appellees' sworn testimony indicated that there were also occasions during the 26-year period they owned the Properties that a tenant's water heater, toilet, or other appliance would leak, causing a small amount of water to accumulate.  In addition, during the appellees' ownership of the Properties, the City of Mansfield's storm sewer backed up on a few occasions causing water to enter an apartment. The City of Mansfield was responsible for the sewage back-up, and remedied the same. These problems were not, however, associated with any defect(s) in the Properties.

{¶8}    The sworn testimony of appellant Jana Riehm established that she obtained her real estate license for the sole purpose of investing in real estate with her husband and that, while she did not actively list or show homes, she was a real estate agent with The Holden Agency.

{¶9}    In early March 2021, the appellants attended an open house for the Properties, during which they walked around the inside and outside of the Properties and

went through almost every one of the 12 units.  The appellants were provided with a copy of the Form at the time they attended the open house.

{¶10}  On or about March 7, 2021, the appellants made an offer to purchase the Properties for $650,000.00.  The Purchase Agreement was prepared utilizing a Holden Agency residential real estate purchase agreement form, and states near the top that "*[i]t is recommended that all parties to this Agreement be represented by a REALTOR and an Attorney.*"  The Purchase Agreement goes on to state:

> The undersigned Purchaser offers to buy from the undersigned Seller the property described below (the "Property") on the terms and conditions contained in this Agreement. Upon Acceptance by the Seller, as evidenced by the Seller's signature below, this signed Agreement (the "Agreement") will become a legally binding contract.

{¶11}  The appellants checked the box at page 4 of the Purchase Agreement that specifically provided:

> With knowledge and against the advice of Broker, Purchaser **waives all inspections** and tests of the Property and agrees to the take the property **"as is"**.

(Boldface and underlining original.)

{¶12}  The appellants thus chose to forego an inspection of the Properties, and agreed to purchase the Properties in "AS IS" condition.  Each page of the Purchase Agreement was initialed by all parties, and was signed by all parties. The sale was closed on May 3, 2021.

**{¶13}** On or about May 9, 2021, during a heavy rain which caused flooding in the Richland County area, the appellants received a call from a tenant about water in a heat vent. They went to the tenant's apartment, where they observed some water in a heating vent of one of the apartments. They subsequently hired a contractor, who ran a camera underground through the drainage tile lines and discovered that some of the underground drainage tiles were clogged or had collapsed. The appellants claim that the clogged and/or collapsed drainage tile required extensive repair work. Between May and August, 2021, they began renovating and repairing the Properties, and claim to have incurred damages in excess of $200,000.00 for losses connected to flooding issues related to the rental units.

**{¶14}** On September 22, 2021, the appellants filed a Complaint asserting fraud, misrepresentation, and breach of contract. The appellees filed a timely answer. The parties engaged in discovery, and on January 22, 2023, the appellees filed a Motion for Summary Judgment. On March 6, 2023, Appellants filed a response with supporting affidavits and materials, and the appellees filed a reply on March 13, 2023.

**{¶15}** On April 13, 2023, the trial court granted summary judgment in favor of the appellees. The appellants filed a timely appeal, raising the following sole assignment of error:

**{¶16}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES BECAUSE GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO APPELLANTS' CLAIMS AGAINST APPELLEES."

## STANDARD OF REVIEW

{¶17} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. Accordingly, this Court reviews a trial court's award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶18} Civ. R. 56(C) states in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law **...** A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." Thus, summary judgment may be granted only after the trial court determines that: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

**{¶19}** As this Court recently stated in *Infield v. Westfield Ins. Co.*, 5th Dist. Muskingum No. CT2022-0055, 2023-Ohio-1199: "It is well established that the party seeking summary judgment bears the burden of demonstrating no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293, 662 N.E.2d 264 (1996): "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974)." *Id.* at ¶ 21.

**ANALYSIS**

{¶20}  The appellants assert that the appellees failed to disclose known issues of previous water intrusion and flooding, contending that the evidence established that the appellees had actual knowledge of previous water intrusion and flooding issues at the Properties. The appellants argue further that the appellees' failure to report the same on the Form did not constitute "good faith" as required by R.C. 5302.30(A)(I).

{¶21} The appellants argue further that the appellees' attempt to justify non-disclosure of water issues because the incidents were the result of clogged or loose downspouts which were "easily fixed" with minor maintenance is belied by the sworn testimony of the appellees' tenants, who averred that there were consistent issues and events of water intrusion and flooding with the Properties, and that appellee Thomas Reindl came to their apartments with a shop vac and removed the water from the floors and carpets but never fixed the underlying issue. Appellants submit that this creates a genuine issue of material fact proscribing summary judgment.

{¶22} The appellants also presented evidence from the City Sewer Repair Department, which showed calls from appellee Kathleen Reindl in 2013, 2015, 2017, and 2018, regarding issues with water/sewer backup and catch basin problems at the Properties. The records from the Sewer Repair Department show calls regarding water backup on June 17, 2019, the repair of which was completed on October 28, 2019, and July 22, 2019.  Most of these incidents occurred within the five-year period specified in the Residential Property Disclosure Form. However, none of these incidents were due to a defect in the Properties, but rather, were due to problems with the city sewer system.

{¶23}  The appellants further maintain that the appellees' claim there was no water intrusion or flooding caused by a "material defect" is incorrect insofar as "material defect" is defined in the Residential Property Disclosure Form as follows: "For purposes of this section, material defects would include any nonobservable physical condition existing on the property that could be dangerous to anyone occupying the property or any non-observable physical condition that could inhibit a person's use of the property." The appellants submit that the flooding of the Properties could be both dangerous to tenants and inhibit the use of their apartments, thereby creating a "material defect" with the Properties. The appellants also argue that the appellees' conduct constitutes fraudulent misrepresentation.

{¶24}  In order to prove fraud, a plaintiff must show proof of the following elements: (1) a representation or, where there is a duty to disclose, omission of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *Armatas v. Haws*, 2018-Ohio-1371, 110 N.E.3d 759, ¶ 12 (5th Dist.).

{¶25}  The pivotal element of the fraud analysis in this case lies in the "with knowledge of its falsity" element. The appellants argue that the appellees never denied knowledge of water intrusion, instead carefully skirting the issue in their affidavits, and argue further that the appellees withheld the information requested on the Form and falsely claimed that there was no previous water intrusion.

**{¶26}** The appellants' arguments are not persuasive. The "defect" at issue in this case is the collapsed and crumbling drain tiles. The appellants have not provided evidentiary quality materials sufficient to create a genuine issue of material fact regarding whether the appellees were aware of problems with the underground drainage tiles, let alone that they intentionally misled the appellants about them.

**{¶27}** Further, the "as is" clause in the Purchase Agreement shields the appellees from the appellants' claims. Under Ohio law, an "AS IS" clause in a real estate contract places the risk upon the purchaser as to the existence of defects, and relieves the seller of any duty to disclose. Ohio courts have reasoned that when a buyer has the unimpeded opportunity to inspect the property, he is charged with knowledge of the conditions a reasonable inspection would have disclosed. As this Court noted in *Jackson v. Stocker Dev. Ltd.*, 5th Dist. Tuscarawas No. 2008 AP 04 0029, 2008-Ohio-5337:

> As a general rule, "[t]he doctrine of caveat emptor applies to real estate transactions in Ohio, and limits the ability of claimants to raise allegations of fraud or misrepresentation related thereto." *Schmiedebusch v. Rako Realty, Inc.,* Delaware App. No. 04CAE08062, 2005–Ohio–4884, ¶ 19. It is a well-settled principle of contract law that the parties' intentions be ascertained from the contractual language. If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. *Monotube Pile Corporation v. Union Metal Corporation* (1998), Stark App.No.1997CA00185. We have consistently upheld the validity of properly drafted integration clauses in contracts. See, e.g., *Stults & Associates, Inc. v. Neidhart* (Nov. 15, 1999), Delaware App.

Nos. 99 CA 11, 99 CA 17; *Tippel v. R.C. Miller Refuse Service, Inc.* (Feb. 14, 2000), Stark App.No.1999CA00244.

*Id.* at ¶15.

{¶28} The appellants herein had an unimpeded opportunity to inspect the Properties themselves, and to hire a home inspector to conduct a formal inspection. They chose to do neither, instead agreeing to purchase the Properties "as is."   In Ohio, when a buyer has had the opportunity to inspect the property he is charged with knowledge of the conditions that a reasonable inspection would have disclosed. Further, as set forth above, the appellants have failed to establish that the appellees engaged in fraudulent conduct with regard to the water intrusion caused by the damaged underground drainage tiles.

{¶29} The appellees note they owned the Properties for 26 years during which time it rained and snowed "thousands of times" and, in that time, they were notified of water in the heat registers/vents only 3 times with the last time being approximately 7 to 8 years ago. Each time the problem was corrected by cleaning out a downspout or fixing a loose one. Other instances of water intrusion involved leaking appliances or toilets and when the City 's sewer drain backed up. The underground drainage tile issue was only discovered when appellants hired a contractor, after their purchase of the Properties, who ran an underground camera through the tile lines and discovered that some underground drainage tile was clogged or had collapsed. There are simply no sufficient evidentiary quality materials present herein to create a genuine issue of material fact regarding whether the appellees were aware of the collapsed or crumbling underground drainage tiles.

**{¶30}** A seller of real property is not required to speculate, and is charged only to reveal the existence of conditions within his actual knowledge." *Decaestecker v. Belluardo*, 2d Dist. Montgomery No. 22218, 2008-Ohio-2077, 2008 WL 1921638, ¶ 45. There is no evidence in the case *sub judice* that the appellees had actual knowledge of the clogged or crushed drainage tiles. Mere maintenance in an area does not equate to actual knowledge of a defect of the property. In order to demonstrate actual knowledge of the defect for which damages are sought, the appellants are required to present more than evidence that some work was completed in or around the area where a defect was discovered, and more than speculation regarding what the appellees knew.

**{¶31}** The appellants must establish genuine issues of material fact regarding the appellees' actual knowledge of the specific defect. The clogged or collapsed drainage tiles in this case were only discovered by running a camera underground, and there is no evidence that the appellees were aware of the same. As such, there are no genuine issues of material fact regarding whether the appellees fraudulently misrepresented the integrity of the tile drainage system, and the trial court correctly granted the appellees' motion for summary judgment.

**{¶32}** The trial court correctly found that the appellants failed to present evidence of any representation or active concealment of fact by the appellees which was material to the transaction and which was made falsely with the intent of misleading the appellants and caused their reliance thereon. Further, the trial court correctly found that the appellants failed to present sufficient evidence on their claims of breach of the Purchase Agreement. The appellants' sole assignment of error is without merit, and is therefore overruled.

**CONCLUSION**

{¶33} Based upon the foregoing, the appellants' sole assignment of error is overruled, and the decision of the Richland Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.